# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| STEPHEN ROBERT JONES,<br><br>      Plaintiff,<br>v.<br><br>OUTAGAMIE COUNTY, DEPARTMENT OF CORRECTIONS, JOHN DOE *Department of Corrections Transport Deputy*, PETIT AND DOMMERSHAUSEN S.C., RHONDA KEMPER, GREEN BAY CORRECTIONAL INSTITUTION WARDEN, SCOTT ENGSTROM, BRIAN HAYES, MARTHA CARLSON, and RYAN PETERSON,<br><br>      Defendants. | Case No. 17-CV-1396-JPS<br><br>**ORDER** |

  Plaintiff Stephen Robert Jones, who is incarcerated at Outagamie County Jail, proceeds in this matter *pro se*. He filed a complaint alleging that the defendants violated his constitutional rights. (Docket #1). This matter comes before the court on Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #2). Because of Plaintiff's extreme indigence, the Court waived payment of an initial partial filing fee. *See* (Docket #7); 28 U.S.C. § 1915(b)(4).

  The court shall screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations

that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations

"must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff's allegations are confused and disjointed, but the Court gleans the following facts. Plaintiff sent a letter to an Edward Hirnschall on December 22, 2016, while he was incarcerated in Green Bay Correctional Institution ("GBCI"). (Docket #1 at 2). That same day, an Outagamie County judge "released [Plaintiff] from [his] prison sentence[.]" *Id.* at 3. Rather than release him, however, the assigned transport deputy took Plaintiff back to GBCI. *Id.*

Plaintiff says his probation period did not began until December 28, 2016. *Id.* at 2. Plaintiff's probation officer must have believed that Plaintiff's letter constituted a violation of his probation and sought to revoke his probation. *Id.* at 2-3. A probation "hold" was placed on Plaintiff by Dane County, apparently to keep him in custody in anticipation the revocation proceedings. *Id.* at 2. Plaintiff admits that his probation was indeed revoked. *Id.* at 3.

Plaintiff sues Outagamie County, the Department of Corrections, the unnamed transport deputy, various GBCI personnel, a law firm (perhaps Plaintiff's criminal defense lawyers), and a judge. *Id.* at 1-2. In the "relief wanted" section of his complaint, Plaintiff alleges that Defendants each bear at least some blame for him being unlawfully held while not on probation. *Id.* at 4. He further states that he wants the Department of Corrections' probation office "to make 100% sure that before they place a person in custody . . . that the offender is in fact on probation at the time the alleged violation occurred." *Id.* This suggests that Plaintiff believes his revocation was invalid. Finally, Plaintiff says he wants $5 million for "false imprisonment, mental anguish," and "extreme emotional trauma[.]" *Id.* at 4-5.

Plaintiff's claims, vague as they are, are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* holds that "a civil rights suit cannot be maintained by a prisoner if a judgment in his favor would 'necessarily imply' that his conviction had been invalid[.]" *Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011) (citing *Heck*, 512 U.S. at 487). In other words, "a plaintiff may not pursue a suit for damages under § 1983 that would undermine the validity of a conviction unless he demonstrates that the conviction 'has been reversed on direct appeal, expunged by executive

order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Hadley v. Quinn*, 524 F. App'x 290, 293 (7th Cir. 2013) (quoting *Heck*, 512 U.S. at 487). *Heck* applies to revocation convictions. *Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000); *Antonelli v. Foster*, 104 F.3d 899, 901 (7th Cir. 1997).

A judgment in Plaintiff's favor would necessarily imply the invalidity of his revocation conviction, namely that the probation department lacked jurisdiction over Plaintiff at the time of the alleged violation. Though Plaintiff's precise claims against each Defendant are unclear, the entire complaint rests on the assumption that Plaintiff's revocation was improper. *Heck* requires that Plaintiff must use the *habeas corpus* process, or any other available method, to obtain reversal of his revocation conviction. Only then may he proceed in a Section 1983 action for any damages stemming from the revocation. Plaintiff's complaint must, therefore, be dismissed without prejudice. *Haywood v. Hathaway*, 842 F.3d 1026, 1028 (7th Cir. 2016).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #5) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of the Court document that Plaintiff has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined;

**IT IS FURTHER ORDERED** that a copy of this order be sent to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857; and

**THE COURT FURTHER CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless Plaintiff offers bonafide arguments supporting his appeal.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of November, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge